Filed 3/27/25  P. v. Bryant CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JOHN CALVIN BRYANT,<br><br>    Defendant and Appellant. | B337515<br><br>(Los Angeles County<br>Super. Ct. No. A357588) |

APPEAL from an order of the Superior Court of Los Angeles County, Deborah S. Brazil, Judge.  Affirmed.

Johanna Pirko, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Steven D. Matthews and Michael J. Wise, Deputy Attorneys General, for Plaintiff and Respondent.

———————————

Defendant and appellant John Calvin Bryant challenges the trial court's denial of his petition for resentencing under Penal Code section 1172.6.[1] A jury convicted Bryant of first degree murder (§ 187, subd. (a)) with a felony-murder special circumstance (§ 190.2, subd. (a)(17)) for his role in killing Andre Hongo during an attempted robbery in 1980. After an evidentiary hearing, the trial court found beyond a reasonable doubt that Bryant actually killed Hongo and thus remained guilty of murder under current law, rendering him ineligible for resentencing. Because the transcript of Bryant's trial could not be located, the trial court relied on the transcript of the preliminary hearing for its factual findings. Bryant contends this was error. We disagree and affirm, as we explain below.

## FACTUAL BACKGROUND
## AND TRIAL COURT PROCEEDINGS

Bryant filed his petition for resentencing on July 29, 2019. The trial court denied the petition, finding that Bryant had not made a prima facie showing that he was entitled to relief. We reversed on the ground that "[n]othing in the record demonstrates conclusively that Bryant was convicted of first degree murder under a theory that is still valid today." (*People v. Bryant* (Oct. 26, 2021, B308662) [nonpub. opn.].) We remanded

---

[1] At the time Bryant filed his petition, the applicable statute was found at Penal Code section 1170.95. Assembly Bill No. 200 (2021-2022 Reg. Sess.) has since renumbered section 1170.95 as section 1172.6. (See Stats. 2022, ch. 58, § 10.) For clarity, we refer to the current citation at section 1172.6 throughout. Unless otherwise specified, subsequent statutory references are to the Penal Code.

the case with instructions that the trial court issue an order to show cause (§ 1172.6, subd. (c)) and hold an evidentiary hearing to determine whether to vacate Bryant's murder conviction (*id.*, subd. (d)).

Upon remand, the People filed an opposition to resentencing arguing that Bryant was ineligible because he actually killed Hongo. Because neither the parties nor the trial court could locate a copy of the more-than-40-year-old transcripts of Bryant's trial, the People relied on the transcript of Bryant's preliminary hearing to prove the facts of Bryant's offense.[2] Bryant submitted no additional evidence, and neither party called any witnesses.

The transcript of the preliminary hearing shows that the People called only one witness, Yolanda R., who was working at the restaurant targeted for robbery at the time of the shooting. Bryant's defense counsel cross-examined her. Yolanda testified that, at around 10:00 a.m. on March 2, 1980, as she and several other workers were preparing to open the restaurant, an unknown man dressed in the restaurant's uniform entered through the back door. The man addressed the employees, saying, "Everybody keep smiling and come on in." The man asked Hongo, who was Yolanda's boss, to come into the

---

[2] The People also submitted a copy of the opinion in Bryant's direct appeal (*People v. Bryant* (Sep. 30, 1982, No. 39696) [nonpub. opn.]) but at an evidentiary hearing, the court may consider prior appellate opinions only for "the procedural history of the case" (§ 1172.6, subd. (d)(3)), not for the underlying facts. (*People v. Clements* (2022) 75 Cal.App.5th 276, 292.)

restaurant's office and open the safe.  Hongo responded that he did not know the combination.

A minute or two later, Bryant (who Yolanda identified in court while testifying) entered the store holding a gun.  He told the employees "to look down and keep wiping."  Later, the first man and Hongo asked Yolanda, who was working as crew chief, to open the safe.  Yolanda walked back toward the office but said she did not have the combination.  The first man said, "Let's shoot him."  Yolanda, who was standing just in front of the door to the office, saw Bryant shoot Hongo in the head.  Both men fled out the back door of the restaurant.  At the end of the preliminary hearing, the People and Bryant stipulated that Hongo died from the gunshot wound to his head.

At the conclusion of the evidentiary hearing, the trial court ruled as follows:  "The court is now sitting as an independent fact finder, and I have reviewed the preliminary hearing transcript. The court is not judging the credibility of a particular witness from the preliminary hearing because, of course, I was not there. But, as an independent fact finder, I find that the people have met their burden of proof by establishing beyond a reasonable doubt that the defendant or petitioner was the actual killer in this case."  On that basis, the court denied the petition.

## DISCUSSION

### A.  Background on Resentencing under Section 1172.6

Section 1172.6 allows certain defendants convicted of murder, attempted murder, or voluntary manslaughter to petition the trial court for their convictions to be vacated and to be resentenced.  To be eligible for relief under the statute, it must be the case that "[t]he petitioner could not presently be convicted of murder or attempted murder because of changes to [s]ection

4

188 or 189 made effective January 1, 2019." (§ 1172.6, subd. (a)(3).) These changes to the law, enacted as part of Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Senate Bill 1437), amended section 188 to provide that, "Except as stated in subdivision (e) of [s]ection 189, in order to be convicted of murder, a principal in a crime shall act with malice aforethought. Malice shall not be imputed to a person based solely on his or her participation in a crime." (§ 188, subd. (a)(3).) The effect of this amendment was to abolish the natural and probable consequences doctrine as a basis of liability for murder. (*People v. Gentile* (2020) 10 Cal.5th 830, 847-848.) Prior to the enactment of Senate Bill 1437, a defendant could be convicted of murder under this doctrine simply by acting as an accomplice in an offense that foreseeably resulted in the commission of a murder, even if the defendant did not share the mens rea of the killer. (*People v. Curiel* (2023) 15 Cal.5th 433, 449; *People v. Chiu* (2014) 59 Cal.4th 155, 164-165.)

In addition to abolishing the natural and probable consequences doctrine, Senate Bill 1437 also amended section 189 to restrict the application of the felony-murder doctrine, requiring greater personal culpability for a felony-murder defendant to be liable for murder. (See *People v. Strong* (2022) 13 Cal.5th 698, 707-708.) To convict a defendant of felony murder under the new law, the prosecution must prove that the defendant either was the actual killer (§ 189, subd. (e)(1)); acted with the intent to kill in aiding, abetting, commanding, encouraging, or soliciting the actual killer (*id.*, subd. (e)(2)); or "was a major participant in the underlying felony and acted with reckless indifference to human life" (*id.*, subd. (e)(3)).

To obtain relief under section 1172.6, a petitioner must first make a prima facie case for eligibility. (See *id.*, subd. (c).) "[T]he

5

prima facie inquiry under [section 1172.6,] subdivision (c) is limited," and the trial court must " ' "take[ ] [the] petitioner's factual allegations as true" ' " and "should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' [Citation.]" (*People v. Lewis* (2021) 11 Cal.5th 952, 971, 972.) The court may deny a defendant's petition if the record refutes the defendant's allegation that he is eligible for resentencing (*id.* at p. 971), but this does not occur "unless the record conclusively establishes every element of the offense." (*People v. Curiel, supra*, 15 Cal.5th at p. 463.)

If the petition survives the prima facie stage, the court must hold an evidentiary hearing at which the People bear the burden "to prove, beyond a reasonable doubt, that the petitioner is guilty of murder or attempted murder under California law as amended by" Senate Bill 1437. (§ 1172.6, subd. (d)(3).) If the People cannot carry this burden, the court must vacate the murder conviction and then resentence the defendant on any remaining charges. (*Id.*, subd. (d)(1).)

## B. The Trial Court Did Not Err by Relying on the Transcript of the Preliminary Hearing

Bryant contends the trial court erred by denying his petition solely on the basis of facts derived from the transcript of the preliminary hearing. We disagree. Nothing in the text of section 1172.6 nor the case law indicates that a court may not use the transcript of a preliminary hearing the way the trial court did in this case. Indeed, as we will explain, the statutory language is expressly to the contrary.

Courts have expressed caution about the use of testimony from a preliminary hearing *at the prima facie stage*. At this stage, factfinding is forbidden, and a court may deny a petition

6

only "[i]f the petition and record in the case establish conclusively that the defendant is ineligible for relief." (*People v. Curiel*, *supra*, 15 Cal.5th at p. 450.) A court may rely on unchallenged, relief-foreclosing facts within a preliminary hearing transcript to reject a petition at the prima facie stage. (*People v. Patton* (Mar. 3, 2025, S279670) ____ Cal.5th ____ [2025 WL 666005 at p. *6].) However, when the preliminary hearing transcript contains evidence consistent with a conviction on a now-invalid theory, such as the existence of multiple perpetrators, a court cannot properly deny a petition at the prima facie stage. (*People v. Estrada* (2024) 101 Cal.App.5th 328, 340.)

Bryant concedes that different principles govern the evidentiary hearing, and that testimony from a preliminary hearing is admissible at this stage. Section 1172.6 provides that "[t]he admission of evidence in the [evidentiary] hearing shall be governed by the Evidence Code, except that the court may consider evidence previously admitted at any prior hearing or trial that is admissible under current law, including witness testimony, stipulated evidence, and matters judicially noticed." (*Id.*, subd. (d)(3).) Yolanda's testimony and the stipulation regarding the cause of death came from such a prior hearing.

Nevertheless, Bryant argues that "under the unique circumstances here the prosecution could not—through the preliminary hearing transcript alone—satisfy its burden to prove beyond a reasonable doubt that [he] remains guilty of murder." He notes that only one witness testified at the preliminary hearing, whereas the opinion in Bryant's direct appeal suggests that multiple witnesses testified at trial. According to that earlier opinion, one of those witnesses was another restaurant employee, Victor H., who testified that "he heard [Bryant] say

7

'shoot him,' and then he heard a shot." (*People v. Bryant, supra,* No. 39696.)  In addition, Bryant notes that the circumstances and purpose of a preliminary hearing (to establish probable cause) are different from those in a trial (to prove guilt beyond a reasonable doubt).

But "[t]he testimony of a single witness is sufficient to support a conviction" for murder.  (*People v. Canizalez* (2011) 197 Cal.App.4th 832, 845.)  Where it is available, the prosecution can certainly present more robust evidence, including a trial transcript, than the single witness it did here.  But we see no basis for forbidding reliance on the preliminary hearing transcript where the trial transcript is missing.  Courts have approved of using the preliminary hearing transcript as the sole or primary source of evidence at section 1172.6 evidentiary hearings in other situations, such as cases where there was no trial transcript because the defendant pleaded guilty.  (E.g., *People v. Davenport* (2023) 95 Cal.App.5th 1150, 1157; see also *People v. Davis* (2024) 107 Cal.App.5th 500, 503, 512.)  There is no reason why the same logic does not apply in cases like this one that proceeded to trial but where the trial transcript has been lost.

As the court explained in *Clements*, the evidentiary hearing under section 1172.6 was designed to balance fairness to the defendant against the expense of additional factfinding.  The Legislature "could have directed that qualifying offenders receive a new trial by a new jury on the critical factual questions.  But that was impractical for many reasons; the expense would have been enormous and the chances of obtaining live testimony from witnesses who remembered the events from years or decades earlier is small.  The Legislature also could have simply refused

8

to make the benefits of the new law available to people already validly convicted under the old law.  They chose the middle course of requiring trial judges to decide the critical factual questions based—at least in some cases—on a cold record." (*People v. Clements*, *supra*, 75 Cal.App.5th at p. 297.)

The use of transcripts rather than live testimony inevitably leads to a loss of nuance.  As the trial court here noted, for example, witness credibility can become difficult to judge because the fact finder was not present for the testimony.  But that is part of the compromise the Legislature chose.  Nothing prevented Bryant from supplementing the record with his own testimony or any other available evidence, but as was his right he chose not to do so.

In determining whether a trial court correctly denied a section 1172.6 petition following an evidentiary hearing, we review its factual findings for substantial evidence.  (*People v. Arnold* (2023) 93 Cal.App.5th 376, 383.)  Yolanda's testimony that Bryant was the actual killer was substantial evidence supporting the court's findings that Bryant was the actual killer and therefore remained guilty of murder under current law.  More or different evidence was not required.

## DISPOSITION

The trial court's order is affirmed.

NOT TO BE PUBLISHED


                                    WEINGART, J.


We concur:



        ROTHSCHILD, P. J.



        BENDIX, J.